**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

Lyle W. Cayce
Clerk

No. 12-40075
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE REYES, JR., also known as Noe Reyes,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-944-2

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Noe Reyes, Jr., appeals his sentence following his guilty plea conviction for possession with intent to distribute 178 kilograms of marijuana. He argues that the district court clearly erred in applying the two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1).

"The district court's determination that § 2D1.1(b)(1) applies is a factual finding reviewed for clear error." *See United States v. Ruiz*, 621 F.3d 390, 396

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2010). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

Our review of the record does not show that a connection between the handguns and Reyes's drug-related offense was "clearly improbable." *See* § 2D1.1, comment. (n.3). To the contrary, this review shows "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008). Both the loaded handguns and the drugs were discovered in Reyes's home. The loaded handguns were discovered under the mattress in the bedroom where Reyes slept, and the drugs were discovered in a back bedroom. Moreover, Reyes pleaded guilty to possession with intent to distribute the marijuana seized from in the back bedroom, and Reyes's brother told agents that Reyes coordinated the transportation of the marijuana found at his home. The district court did not clearly err by imposing the two-level enhancement. *See Ruiz,* 621 F.3d at 396.

Accordingly, the judgment of the district court is AFFIRMED.